**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea M. Heltzel,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-1287-PHX-DMF<br><br>**ORDER** |

At issue is the denial of Plaintiff Andy Heltzel's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act").[1] Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 25, Pl. Br.), Defendant SSA Commissioner's Opposition (Doc. 26, Def. Br.), and Plaintiff's Reply (Doc. 27, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 22, R.) and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 15-32).

**I.　BACKGROUND**

Plaintiff filed his Application on November 7, 2014 for a period of disability beginning on March 5, 2014. (R. at 18.) Plaintiff's claim was denied initially on March 27, 2015, and upon reconsideration on August 24, 2015. (R. at 18.) Plaintiff then testified

---

[1] Plaintiff has stated that he prefers being called "Andy" and referred to by male pronouns. (Pl. Br. at 2.) Accordingly, the Court will do so throughout this Order.

at a hearing held before the ALJ on May 25, 2017. (R. at 18.) On December 12, 2017, the ALJ denied Plaintiff's Application. (R. at 15-32.) This decision became final on September 4, 2018, when the Appeals Council denied Plaintiff's request for review. (R. at 4-9.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: "schizoaffective disorder, post-traumatic stress disorder [("PTSD")], and gender dysphoric disorder." (R. at 20.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 15-32.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 21.) The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with some limitations. (R. at 23.) They include never being exposed to dangerous machinery and unprotected heights, and never climbing ladders, ropes, or scaffolds. (R. at 23.) Additionally, Plaintiff can perform occupations that require "no more than simple, routine, and repetitive tasks" and cannot "perform in a fast-paced production environment." (R. at 23.) Finally, Plaintiff can perform occupations that "require no more than occasional interaction with supervisors, coworkers, and members of the public." (R. at 23.) Given these limitations, the ALJ concluded that Plaintiff cannot perform any past relevant work but can perform jobs that exist in significant numbers in the national economy. (R. at 26.)

II. **LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability

determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience.

20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

Plaintiff argues that the ALJ erred by: (1) rejecting Plaintiff's symptom testimony; (2) giving significant weight to the opinions of the non-examining state agency physicians; and (3) failing to consider certain limitations when calculating Plaintiff's RFC.[2] The Court finds that the ALJ erred by rejecting Plaintiff's symptom testimony but did not err by giving significant weight to the opinions of the non-examining state agency physicians.[3]

**A.   The ALJ erred by rejecting Plaintiff's symptom testimony because he did not provide specific, clear, and convincing reasons supported by substantial evidence in the record.**

Plaintiff argues that the ALJ erred by rejecting his symptom testimony without providing specific, clear, and convincing reasons supported by substantial evidence. (R. at 12-20.) The ALJ gave three reasons for rejecting Plaintiff's testimony. First, the ALJ found that Plaintiff's activities of daily living ("ADLs") were inconsistent with his alleged limitations. (R. at 24.) Next, the ALJ found that Plaintiff's impairments were controlled or improved with medication. (R. at 24.) Finally, the ALJ found that the objective medical evidence does not support Plaintiff's alleged limitations. (R. at 24.) The Court finds that none of these reasons is legally sufficient.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir.

---

[2] Plaintiff also argues that the ALJ erred by finding that his headaches were not severe. (Pl. Br. at 3.) Plaintiff raises this issue in a footnote, citing to multiple medical records but offering very little argument. Nevertheless, the Court need not address this issue because a step two error is harmless so long as the ALJ considered the limitations of the impairment in the remainder of the analysis, as the ALJ did in this case. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

[3] The Court need not address Plaintiff's third argument because Plaintiff's RFC will be recalculated on remand.

- 4 -

2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Once the claimant has presented medical evidence of an impairment, the ALJ "may not reject [the] claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the ALJ is permitted to consider the lack of objective support along with the nature, frequency, and intensity of any pain; the effectiveness of treatment; and the claimant's ADLs. *Id.*

The ALJ's finding that Plaintiff's ADLs were inconsistent with his alleged limitations is neither specific, clear, and convincing nor supported by substantial evidence. The ALJ identified that although Plaintiff reported difficulty going out in public alone, he was able to run errands for his grandmother, shop in stores, drive a car, and use public transportation. (R. at 24.) The ALJ also noted that although Plaintiff reported that he could not prepare meals, he later stated that he could prepare simple meals. (R. at 24.) However, the ALJ's discussion of Plaintiff's ADLs went no further. The ALJ did not explain how Plaintiff's ADLs contradicted his alleged symptoms and thereby undermined his credibility. For example, Plaintiff testified that despite his fear of leaving his room, he sometimes drives, is able to shop by himself at Walgreens, and sometimes goes by himself to his appointments. (R. at 47.) Therefore, his ability to "run errands" and "shop in stores" is not necessarily in conflict with his stated limitations, and further explanation of any conflict was necessary. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Additionally, the ALJ did not consider whether Plaintiff's ADLs are transferable to the work setting. The record contains no suggestion that Plaintiff runs errands, prepares meals, or drives in such a manner as would be transferrable to the work setting. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). As such, Plaintiff's ADLs do not provide clear and convincing evidence for discounting his symptom testimony.

Next, the ALJ found that Plaintiff's impairments were controlled or improved, but the Court finds that this reason is also insufficient because it is not specific, clear, and convincing. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (stating that an ALJ must indicate which testimony is not credible and what evidence supports that finding). The ALJ concluded that Plaintiff's impairments stabilized or improved but failed to explain how this undermined Plaintiff's testimony. Relatedly, the ALJ cited to certain medical records to support her finding that Plaintiff's impairments were controlled but did not explain what the records reflected. *Cf. Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("To support a lack of credibility finding, the ALJ was required to point to *specific facts* in the record.").

The final reason the ALJ gave for discounting Plaintiff's symptom testimony—that the objective medical evidence does not support Plaintiff's alleged limitations—is insufficient. (R. at 24.) An ALJ is permitted to reduce the weight given to a claimant's testimony if it is unsupported by objective medical evidence, but this cannot be the sole reason the testimony is rejected. *Burch*, 400 F.3d at 681. Because the ALJ's other reasons for rejecting Plaintiff's testimony were legally insufficient, a mere lack of objective support, without more, is insufficient to reject Plaintiff's testimony. *Id.* at 680.

In sum, the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony and therefore erred.

**B.    The ALJ's determination with respect to the opinions of the state agency consultants is supported by substantial evidence.**

Plaintiff's second argument is that the ALJ erred by assigning significant weight to the opinions of the state agency consultants. (Pl. Br. at 20-22.) The Court finds that the ALJ did not err.

The state agency consultants at the initial and reconsideration level offered the only opinions in this case. At the initial level, Dr. Eric Penner indicated that Plaintiff had some moderate limitations but could still perform "simple, unskilled work under limited interpersonal contact conditions." (R. at 98.) The ALJ gave this opinion significant weight

because it was consistent with Plaintiff's medical record. (R. at 24.) At the reconsideration level, Dr. Eugene Campbell indicated that Plaintiff had some moderate limitations but could perform simple, unskilled work. (R. at 117.) The ALJ gave this portion of the opinion significant weight because it was consistent with the medical record. (R. at 25.) Dr. Campbell also opined that Plaintiff could have no contact with the public, which the ALJ assigned little weight because Plaintiff was described as cooperative. (R. at 25.)

In most cases, an ALJ must consider medical opinions from multiple sources, including treating physicians, examining physicians, and non-examining physicians.[4] *Lester*, 81 F.3d at 830. Though the ALJ must consider all of the opinion evidence, there is a hierarchy among the sources. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when all of the opinions are from the same type of source, the ALJ's decision to accord an opinion significant weight will be upheld so long as it is supported by substantial evidence in the record. *See Orn*, 495 F.3d at 630.[5]

The Court finds that the ALJ's determination with respect to the opinions of Dr. Penner and Dr. Campbell is supported by substantial evidence. The ALJ pointed to medical records that reflect good "memory, insight, judgment, attention, concentration, and fund of knowledge" and a stable mood. (R. at 25.) In addition to those records, Defendant cited many records that reflect unremarkable mental status examinations; fair to good fund of knowledge, memory, insight, and judgment; fair to good concentration; and "multiple Global Assessment of Functioning (GAF) scores in the 51-60 range." (Def. Br. at 3.) These records are generally consistent with the opinions of Dr. Penner and Dr. Campbell. Though the evidence may support an interpretation more favorable to Plaintiff, the ALJ's

---

[4] The non-examining physicians in this case are referred to as state agency consultants.

[5] Plaintiff argues that the ALJ was required to provide specific, clear, and convincing reasons for relying on the opinions of the state agency consultants "in [the] face of Plaintiff's symptom testimony." (Pl. Br. at 22.) However, Plaintiff confuses the issues. The ALJ did not rely on the state agency consultants' opinions to reject Plaintiff's testimony. Instead, the ALJ discounted Plaintiff's testimony for the reasons previously discussed and separately evaluated the opinion evidence.

interpretation was rational, and the Court upholds the decision where the evidence is subject to more than one rational interpretation. *See Burch*, 400 F.3d at 680-81.

Plaintiff argues that the state agency consultants' opinions are less credible because they were made in 2015 and therefore were not based on a complete record. (Pl. Br. at 21.) However, the Court is not persuaded that the ALJ erred by relying on the opinions. Defendant correctly notes that "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." (Def. Br. at 11.) *See Tommasetti*, 533 F.3d at 1041. When determining how much weight to afford a medical opinion, the ALJ should consider, among other things, the timing of the opinion. Here, substantial evidence supports the ALJ's decision regarding the opinions of Dr. Penner and Dr. Campbell, and the ALJ is therefore entitled to deference.

### C. The proper remedy is to remand for further proceedings.

Plaintiff asks that the Court apply the credit-as-true rule, which would result in a remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 25.) The credit-as-true rule applies if three elements are present. *Treichler*, 775 F.3d at 1099-1102. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these requirements are met, "the Court still retains the flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Guillen v. Colvin*, 2014 WL 4656422, at *10 (C.D. Cal. Sept. 17, 2014) (citing *Garrison*, 759 F.3d at 995).

In this case, the ordinary remand rule applies. The first two elements of the credit-as-true rule are satisfied, but the third is not. If Plaintiff's symptom testimony were credited as true, the ALJ would not be required to find Plaintiff disabled on remand. One of the hypotheticals Plaintiff posed to the vocational expert included the possibility of Plaintiff wearing headphones and listening to music. (R. at 67.) The vocational expert opined that Plaintiff could still perform some jobs with that limitation. (R. at 67.) Finally, even if all three elements of the credit-as-true rule were satisfied, the record as a whole creates serious doubt that Plaintiff is, in fact, disabled. Therefore, remand for further proceedings is the proper remedy.

**IT IS THEREFORE ORDERED** reversing the December 12, 2017 decision of the Administrative Law Judge. (R. at 15-32.)

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and terminate this matter.

Dated this 26th day of February, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge